**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:

ENVIVA PELLETS EPES HOLDINGS, LLC,

Reorganized Debtor.

Case No. 24-10454-BFK
Chapter 11

**MEMORANDUM OPINION AND**
**ORDER DISALLOWING CERTAIN FEES ON**
**VINSON & ELKINS LLP'S FINAL FEE APPLICATION**
**(DOCKET NO. 30)**

On May 30, 2024, this Court denied Vinson & Elkins LLP's ("V&E") Application to be employed as general bankruptcy counsel for the Debtors (the "327(a) Application"). Case No. 24-10453-BFK, Docket Nos. 183, 653. V&E filed a Motion to Reconsider the Court's ruling. Docket No. 663. On July 2, 2024, the Court denied the Motion to Reconsider. The Court noted, sua sponte, that V&E might be employed as special counsel under Bankruptcy Code Section 327(e). Docket No. 792. On July 30, 2024, V&E filed an Application to be employed as special counsel under Section 327(e) (the "327(e) Application"). Docket No. 873. The U.S. Trustee filed an Objection to the Application. Docket No. 955. V&E filed a Reply Memorandum. Docket No. 973. The Court held a hearing on the 327(e) Application on August 15, 2024. On August 22, 2024, the Court granted V&E's 327(e) Application consistent with the Court's rulings from the bench on August 15 concerning the scope of V&E's duties as 327(e) counsel. Docket No. 1033.

On January 17, 2025, V&E filed its Final Application for Compensation as Special Counsel (the "Final Application"), seeking $9,292,522.16 in fees and $221,982.65 in expenses. Case No.

1

24-10454-BFK, Docket No. 30.[1] The Court held a hearing on V&E's Final Application on February 13, 2025, at which the Court questioned the proposed allowance of a single category of fees: "H. Employment and Fee Applications – Submatter 00032" ($957,137.39) (the "Employment and Fee Applications Category"). The Court directed V&E to file a supplement to its Final Application, addressing the amount of the fees requested in this Category. V&E filed its Supplement (the "Supplement") on February 21, 2025, which the Court has reviewed. Docket No. 153.

## Conclusions of Law

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

It goes without saying that fees need to be reasonable, and they need to benefit the estate. 11 U.S.C. §§ 330(a)(1) (A) ("reasonable compensation for actual, necessary services"), 330(a)(4)(A)(ii)(I) (the court "shall not allow compensation" for "services that were not reasonably likely to benefit the debtor's estate"). The Court has an independent obligation to review the reasonableness of any fee requests. *In re Silvus*, 329 B.R. 193, 204 (Bankr. E.D. Va. 2005) ("this Court remains obligated to independently review the validity and reasonableness of fee applications regardless of proposed resolutions or the lack of objections"); *In re Laines*, No. 04-10020-RGM, 2007 WL 2287905, at * 5 (Bankr. E.D. Va. Aug. 6, 2007).

---

[1] On January 10, 2025, the Court entered a *Final Decree and Order Closing Certain Chapter 11 Cases* in *Enviva, Inc.*, Case No. 24-10453-BFK, Docket No. 1550, closing the affiliated chapter 11 cases and directing that all motions, notices, and other pleading related to any of the affiliated debtors to be filed in this case, *Enviva Pellets Epes Holding, LLC.*, Case No. 24-10454-BFK. The docket numbers appear to be out of order because *Enviva Pellets Epes Holding, LLC*, remains open and is the case in which all of the final fee applications were filed.

2

V&E's Final Application seeks $9,725,752.21 in fees. Docket No. 30, p. 28. The Employment and Fee Applications Category, seeking $957,137.39, comprises approximately **10%** of the overall fee request.[2] The requested fees were for the employment and compensation of V&E alone, and no other professionals. No less than twenty-one attorneys and paraprofessionals worked on the 327(e) Application and the related Fee Applications.[3] V&E spent 890.10 hours on the 327(e) Application and the Fee Applications.[4]

V&E already had conducted extensive conflicts checks for its 327(a) Application only a few months previously, which the Court ultimately denied. The Declaration of David Myers attached to V&E's 327(a) Application, filed on March 27, 2024, had 44 pages of conflict parties for which V&E searched for potential conflicts. Case No. 24-10453-BFK, Docket No. 183, pp. 43-77. Its 327(e) Application filed on July 30, 2024, appears to have substantially the same list of conflicts parties searched. Docket No. 873, pp. 69–99. By the time that the 327(e) Application was filed, the work concerning the conflicts checks was already largely completed. As the Court noted in its Order Denying V&E's Motion to Reconsider, the standard for the employment of special counsel under Section 327(e), that of potential conflicts on the specific matter for which counsel is being engaged, is more lenient and easier to meet than the more demanding "disinterestedness" standard under Section 327(a). Docket No. 792, pp. 12–13.

---

[2] This is 10% of the total fee request, including the fees in the Employment and Fee Applications Category. Viewed from a different perspective, the requested fees in this category add an additional **11.4%** to the Final Application, excluding the Employment and Fee Applications Category.

[3] Identified as: JCPE, DSME, MJPY, EMME, JWLE, JDEN, JSJO, PEH, MWMO, KDG, ADCC, ARER, RIBA, EENE, JCMA, GAME, WELO, CHXU, SAZO, TGSP and MASA. Docket No. 153, pp. 7–36.

[4] The November 27, 2024, Invoice has 560.6 hours of time. The December 4, 2024, Invoice has 77.30 hours. The December 12, 2024, Invoice has 87.0 hours. The January 16, 2025, Invoice has 165.20 hours. Thus, 62% of the overall hours were spent in gaining approval of the firm's employment under Section 327(e); the balance was for Fee Applications and monitoring conflicts.

3

Bankruptcy courts generally will allow some reasonable compensation for the preparation of applications for employment and fee applications.[5] In this case, there was some complexity in allocating the roles of Paul, Weiss as successor 327(a) counsel and V&E as 327(e) special counsel. As a general proposition, V&E retained the Debtors' day to day corporate work, and Paul, Weiss handled the core Chapter 11 matters involving negotiating the plan of reorganization. V&E's Supplement, however, virtually acknowledges the unreasonableness of V&E's Final Application. V&E states that it was required to "review all of its time entries going back to the Petition Date, identify and segregate entries pertaining to general bankruptcy work from entries pertaining to the special counsel scope of work, and then re-code the applicable entries into new special counsel sub-matters." Supplement, p. 3. In other words, V&E is charging the bankruptcy estate for a substantial amount of time spent in reviewing and ferreting out time entries *for which it is was never entitled to be compensated*. This, in the Court's view, is even more egregious than the "fees for fees" at issue in *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121 (2015). This is "fees for *no* fees," or charging the bankruptcy estate for efforts not to bill for fees that even V&E acknowledges were never compensable.

V&E argues that "by contrast, Paul, Weiss and Akin Gump Strauss Hauer & Feld LLP ('Akin') incurred $623,462.50 (661.10 hours) and $1,352,024.00 (1,122.20 hours), respectively,

---

[5] The U.S. Trustee's Guidelines for Fee Applications in Complex Cases states as follows:

> Routine billing activities: Whether an applicant billed for routine billing activities that typically are not compensable outside of bankruptcy. Most are not compensable because professionals do not charge a client for preparing invoices, even if detailed. *Reasonable* charges for preparing interim and final fee applications, however, are compensable, because the preparation of a fee application is not required for lawyers practicing in areas other than bankruptcy as a condition to getting paid.

U.S. Trustee Program, Fee Guidelines, https://www.justice.gov/sites/default/files/ust/legacy/2013/06/28/Fee_Guidelines.pdf (last visited Mar. 4, 2025) (emphasis in original).

4

related to retention and fee-related work." Supplement, pp. 3–4. Paul, Weiss operated as 327(a) counsel. It billed a total of $15,836,902.50 in fees. Its request in the Retention and Fee Applications category (PW Only) is **4%** of its total fee request. Case No. 24-10454-BFK, Docket No. 20, p. 74. Akin, as counsel to the Committee, charged a total of $15,457,567.23 in the case. Its Retention and Fee Applications category represents **8.7%** of its total fees. Docket No. 15. Akin's percentage is much higher than Paul, Weiss's, but the Paul, Weiss number is for its own retention and fee applications only, while Akin did not break out its own retention and compensation from other professionals.[6] Akin's number includes fees as the watchdog of the bankruptcy estate (as Committee counsel) for review of all the other professionals in the case, including Lazard Feres as the Debtors' investment banker (which resulted in a negotiated lower fee), V&E, Paul, Weiss and Baker Botts. Docket No. 15, pp. 17–18. V&E's request, as noted, involves only its own retention and compensation as 327(e) counsel.[7]

V&E's role as 327(e) counsel, and its disclosure obligations under Section 327(e) ("any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed"), were substantially more circumscribed than Debtors' general bankruptcy counsel or Committee counsel. Further, as noted above, V&E's conflict check was largely completed when it filed its 327(a) Application, just a few months before it filed its 327(e) Application.

---

[6] Akin's Matter 0006 is "Retention of Professionals," without a breakdown of the fees for its own retention and fee applications, versus other professionals. Docket No. 15, p. 61. Paul, Weiss broke out its fees into two categories, "Retention/Fee Applications – PW" and "Retention/Fee Applications – Non-PW." Docket No. 20, p. 66.

[7] *Compare with Nordic Aviation Capital Designated Activity Co.*, No. 21-33693, 2022 WL 10716251, at *21 (Bankr. E.D. Va. Oct. 18, 2022) (approving Kirkland and Ellis LLP's final application of $14,438,568.76 in fees, including 432.60 hours ($363,677.00), or 2.5% of its total fees, for its own retention as 327(a) counsel), *and PSI Liquidation, Inc.*, No. 21-30660-KLP, Docket Nos. 774, 808 (Bankr. E.D. Va. Apr. 2, 2021) (approving Wilkie Farr & Gallagher LLP's final application of $2,909,565.50 in fees, including 88.0 hours ($62,959.00), or less than 1% of its total fees, for its own retention and fee applications as 327(a) co-counsel).

5

After a careful, independent review of V&E's Final Application for Compensation and its Supplement, the Court will allow fees in the Employment and Fee Applications Category totaling **2.5%** of V&E's total fees, or **$232,313.05**. The balance of the fees in this category are disallowed.

## Conclusion

It is therefore **ORDERED**:

1. The Court allows a total of **$232,313.05** in fees in the Employment and Fee Applications Category of V&E's Final Application (Docket No. 30). The balance of the fees in that Category are disallowed.

2. V&E shall submit a proposed order granting its Final Application consistent with this Memorandum Opinion and Order.

3. The Clerk shall mail copies of this Memorandum Opinion and Order, or provide CM-ECF notice of its entry, to the parties below.

Date: Mar 6 2025

Alexandria, Virginia

/s/ Brian F Kenney
HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: Mar 6 2025

Copies to:

Jeremy S. Williams
1021 East Cary Street
Suite 810
Richmond, VA 23219